FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

2016 APR 11  PM 1:34

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**CASE NO.:**

RAJESH VERMA, an individual, on
behalf of himself and all others similarly
situated,

         Plaintiff,

3:16CV427-J-25JRK

vs.

**COMPLAINT -  CLASS ACTION**

MEMORIAL HEALTHCARE GROUP, INC.,
a Florida corporation d/b/a MEMORIAL
HOSPITAL JACKSONVILLE, NATIONAL
PATIENT ACCOUNT SERVICES, INC.,
a Texas corporation, MEDICREDIT, INC.,
a Missouri corporation, and HOVG, LLC,
a Nevada limited liability company d/b/a
BAY AREA CREDIT SERVICE, LLC,

         Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

      Plaintiff, Rajesh Verma, an individual, on behalf of himself and all others similarly

situated, by and through his undersigned attorneys, sues Defendants, Memorial Healthcare

Group, Inc., a Florida corporation doing business as "Memorial Hospital Jacksonville," National

Patient Account Services, Inc., a Texas corporation, Medicredit, Inc., a Missouri corporation, and

HOVG, LLC, a Nevada limited liability company doing business as "Bay Area Credit Service,

LLC," and alleges:

## INTRODUCTION

    1.    This class action involves the illegal placement of calls by Memorial Healthcare

Group, Inc. ("Memorial Healthcare"), National Patient Account Services, Inc.("NPAS"), Medicredit, Inc. ("Medicredit"), and HOVG, LLC doing business as "Bay Area Credit Service, LLC" ("Bay Area Credit"), to hundreds if not thousands of cell phone subscribers using automatic telephone dialing system or artificial or prerecorded messages. Defendants use their automated dialers and systems in a predatory way to repeatedly and continuously call consumers to collect accounts. In the course of these collections, it often wrongly contacts individuals who owe no money and never consented to receiving calls from Defendants.

2.      In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. §227, Congressional Statement of Findings #5. In 2003, the Federal Communications Commission issued rules clarifying the prohibition on automated and prerecorded calls to cell phones.

3.      The guiding principal of the TCPA is the need to protect the consumer from automated or prerecorded telephone calls which as the FCC noted, as found by Congress, were a "greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient." See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999*, F.C.C. 07-232, 23 F.C.C.R. 559 (Dec. 28, 2007; released Jan. 4, 2008).

4.      Beginning in early 2016, Defendants harassed Mr. Verma with collections on an account that was not his and he did not owe. This action is filed on behalf of Mr. Verma and a class of similarly situated individuals for damages and to stop Defendants' practice of placing cell phone calls to non-debtors and other individuals who have not consented to be contacted in this manner.

## JURISDICTION

5.      This Court has jurisdiction under the TCPA, 47 U.S.C. § 227 *et seq.,* and 28 U.S.C. §§1331, 1337.

## PARTIES

6.      At all times material hereto, Plaintiff, Rajesh Verma ("Mr. Verma"), was a natural person and a resident of Duval County, Florida.

7.      At all times material hereto, Memorial Healthcare was a hospital healthcare organization which is headquartered in Nashville, Tennessee that conducts its business in and around Duval County, Florida.

8.      At all times material hereto, Medicredit, NPAS and Bay Area Credit were debt collection companies which regularly collect debts owed to another and therefore meet the definition of a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).

9.      At all times material hereto, Memorial Healthcare contracted with Medicredit, NPAS and Bay Area Credit (collectively "Debt Collectors") to collect its accounts.

## VENUE

10.      The transactions and occurrences which give rise to cause of action occurred in Duval County, Florida.

11.      Venue is proper in the Middle District of Florida.

## GENERAL ALLEGATIONS

12.      Mr. Verma maintains a cellular telephone through a cell phone carrier.

13.      The service for Mr. Verma's cellular phone is via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

14.      Mr. Verma maintains his cell phones to maintain personal contacts with family

and friends and for emergency services.

15.     Starting in January, 2016, Defendants began calling Mr. Verma on his cell phone to collect a Memorial Healthcare account that was not his.

16.     Rather, Defendants were seeking to contact a third party by the name of "Audrey Hylton" ("Ms. Hylton"),  to collect on an account for which she was the account holder.

17.     Memorial Healthcare is liable for violations of the TCPA by its agents, the Debt Collectors. *See, Palm Beach Golf Center-Boca v. John G. Sarris, DDS, P.A.*, 781 F.3d 1245 (11th Cir. 2015); *Harrington v. Roundpoint Mortgage Servicing Corp.*, 2016 WL 659331 (M.D. Fla. 2016) [mortgage holder assignor may be vicariously liable for violations of TCPA by mortgage servicer].

18.     Throughout the next several weeks, Defendants called Mr. Verma repeatedly in an attempt to collect the debt.

19.     Mr. Verma was not the Memorial Healthcare account holder and did not owe any money on the account.

20.     Mr. Verma repeatedly told Defendants not to call Mr. Verma as the account was not his.

21.     Mr. Verma never provided his cell phone number to Defendants or granted consent to Defendants to call his number.

22.     In each of these calls, Defendants used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to Mr. Verma on his cellular telephone.

23.     In many of the calls, Defendants left or conveyed a prerecorded or artificial voice message.

24.     The calls from Defendants have caused annoying interruptions and disruptions of Mr. Verma's work, social engagements, and recreation.

25.    As a result of Defendants' wrongful conduct, Mr. Verma has suffered damages.

26.    Defedants fall within the definition of a "person", as defined by 47 U.S.C. § 153(39).

27.    Defendants use an autodialer system to contact large numbers of persons to collect debts.

28.    Defendants did not use their automated dialer or prerecorded voice calls for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(I).

29.    Defendants  failed to vet or verify that the persons they were calling with its automated dialer are in fact the persons who have expressly consented to being contacted via these means.

30.    The Debt Collectors have been the target of numerous complaints and lawsuits concerning their debt collection practices, including automated dialing and prerecorded/ artificial voice messaging by persons who have not consented to be contacted via these means. *See, e.g., Prater v. Medicredit, Inc.,* 45 F.Supp.3d 1038 (E.D. Mo. 2104) [action ultimately resolved by settlement class action which established a $6.75 million fund]; *State of Idaho v. National Patient Account Services, Inc.,* 2011 WL 3789104 (Jan.20, 2011) [consent decree with respect to unlicensed debt collection]; *Lardner v. National Patient Account Services, Inc.,* 2013 WL 11085743 (S.D.Fla., Oct. 29, 2013) [enforcement of settlement agreement for FDCPA and TCPA claims]; *Alvarado v. Bay Area Credit Service, LLC,* 2015 WL 224950 (N.D.Cal. 2015) [order denying motion to stay in TCPA class action].

## CLASS ACTION ALLEGATIONS

31.    Mr. Verma brings this action on behalf of himself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

32.    Mr. Verma proposes to represent the following classes:

a.  Autodialer Class –

    i.  All persons residing in the territorial United States, excluding the Court and its staff;

    ii.  Who subscribe to a cellular telephone;

    iii.  Whose cellular telephone number appears in Defendants' collection or auto dialing records in association with the use of an automated telephone dialing system; and

    iv.  Where those records reflect calls to that cell phone number in the period starting four years prior to the filing of this suit through the date of certification.

b.  Prerecorded Message and Artificial Voice Class –

    i.  All persons residing in the territorial United States, excluding the Court and its staff;

    ii.  Who subscribe to a cellular telephone;

    iii.  Whose cellular telephone number appears in Defendants' collection records in association with the use of a prerecorded message or an artificial voice over that cellular phone; and

    iv.  Where those records reflect delivery of a prerecorded or artificial voice message in the period starting four years prior to the filing of this suit through the date of certification.

33.  A search of internet complaints reveals dozens of persons who have complained of similar conduct by the Debt Collectors.

34.  Based upon these complaints, it appears that there are – at least – several hundred

members of the respective classes.

35.    The classes are so numerous as to make it impracticable to join all the disparate

members of the class.

36.    This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

37.    The class claims in this case present common questions of law and

fact including whether:

    a.    Defendants use an autodialer to collect debts or conveyed a prerecorded or artificial

        voice message to Mr. Verma and the class members' cellular telephones;

    b.    Defendants had the prior express consent to make calls to Mr. Verma and the class

        members' cellular phones using the prohibited technology; and

    c.    Defendants' conduct was willful.

38.    These common questions predominate over any question affecting only individual

class members.

39.    Mr. Verma's claims are typical of the claims of the class members.

40.    Mr. Verma bases his claims and those on behalf of the class upon the same legal

and remedial theories.

41.    Mr. Verma will fairly and adequately protect the interests of all class members in

the prosecution of this action and in the administration of all matters relating to the claims in this

case.

42.    Mr. Verma has suffered similar injuries as the members of the classes that she

seeks to represent.

43.    Mr. Verma has retained counsel experienced in handling class action suits

involving unfair business practices and consumer law, including class actions under the TCPA. *See,*

*e.g., Picchi v. World Financial Network Bank,* 2015 WL 1201396 (S.D.Fla. 2015) [$7.9 million TCPA settlement].

44.    Neither Mr. Verma nor his counsel have any interest which might cause them not to vigorously pursue this action.

45.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46.    No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Defendants, because the claim amounts are likely small and involve statutory damages under the TCPA.

47.    Management of these claims will likely present few difficulties because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

**COUNT I**
**Class Claim Under the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.**
***(As to Memorial Healthcare)***

48.    Mr. Verma incorporates the preceding allegations by reference.

49.    Memorial Healthcare has negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to Mr. Verma and the class members.

50.    As a result of Memorial Healthcare's negligent violations of the TCPA, Mr. Verma and class members may recover statutory damages of $500.00 for each and every call in violation of the statute.

51.    Alternatively, Memorial Healthcare has wilfully violated the TCPA in relation to Mr. Verma and the class members.

52.    As a result of Memorial Healthcare's willful violations of the TCPA, Mr. Verma and

the class members may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## COUNT II
### Class Claim Under the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.
*(As to Medicredit)*

53.    Mr. Verma incorporates the preceding allegations by reference.

54.    Medicredit has negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to Mr. Verma and the class members.

55.    As a result of Medicredit's negligent violations of the TCPA, Mr. Verma and the class members may recover statutory damages of $500.00 for each and every call in violation of the statute.

56.    Alternatively, Medicredit has wilfully violated the TCPA in relation to Mr. Verma and the class members.

57.    As a result of Medicredit's willful violations of the TCPA, Mr. Verma and the class members may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## COUNT III
### Class Claim Under the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.
*(As to NPAS)*

58.    Mr. Verma incorporates the preceding allegations by reference.

59.    NPAS has negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to Mr. Verma and the class members.

60.    As a result of NPAS's negligent violations of the TCPA, Mr. Verma and the class members may recover statutory damages of $500.00 for each and every call in violation of the statute.

61.    Alternatively, NPAS has wilfully violated the TCPA in relation to Mr. Verma and the class members.

62.    As a result of NPAS's willful violations of the TCPA, Mr. Verma and the class members may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## COUNT IV
## Class Claim Under the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.
### *(As to Bay Area Credit)*

63.    Mr. Verma incorporates the preceding allegations by reference.

64.    Bay Area Credit has negligently violated the TCPA, 47 U.S.C. § 227 *et seq*., in relation to Mr. Verma and the class members.

65.    As a result of Bay Area Credit's negligent violations of the TCPA, Mr. Verma and the class members may recover statutory damages of $500.00 for each and every call in violation of the statute.

66.    Alternatively, Bay Area Credit has wilfully violated the TCPA in relation to Mr. Verma and the class members.

67.    As a result of Bay Area Credit's willful violations of the TCPA, Mr. Verma and the class members may recover statutory damages of up to $1,500.00 per call in violation of the statute.

WHEREFORE, Plaintiff, Rajesh Verma, individually and on behalf of all others similarly situated, requests that this Court:

A.    Certify this matter as a class action;

B.    Appoint the undersigned attorneys as class counsel;

C.    Authorize counsel to issue notice to the class members;

D.    Grant judgment for damages in the amount of $500.00 per call to the class

members;

E.    Treble those damages for willful violations of the TCPA;

F.    Direct injunctive relief barring further violations by Defendants;

G.    Determine the attorney fees for counsel based on a common fund recovery;
and

H.    Grant such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Rajesh Verma, an individual, pursuant to Rule 38, Federal Rules of Civil Procedure,
demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
Email: rphyu@aol.com

ERIC W. KEM, ESQ.
Florida Bar No. 106042
THE KEM LAW FIRM, P.A.
2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
(352) 275-7151 Telephone
Email: ekem@kemlawfirm.com

COUNSEL FOR PLAINTIFF