**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MARILYNN MARTINEZ, et al., | |
| Plaintiffs, | Consolidated Case |
| v. | |
| MEDICREDIT, INC., et al., | No. 4:16CV01138 ERW |
| Defendants. | |
| TODD HORNBERGER, et al., | |
| Plaintiffs, | |
| v. | |
| MEDICREDIT, INC., | |
| Defendant. | |
| Rajesh Verma, | |
| Plaintiff, | |
| v. | |
| MEMORIAL HEALTHCARE GROUP, INC., et al., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Final Approval of Class

Action Settlement [99] and Plaintiff's Motion for Attorney Fees and Reimbursement of Expenses

and Incentive Awards [98]. Defendants wrote a letter to the Court stating they agree with all the

terms of the underlying proposed final order, except with respect to the *cy pres* recipient. Plaintiff proposed the National Consumer Law Center ("NCLC"), which Plaintiff argues is "closely aligned to the class' interests to be protected by" the Telephone Consumer Protection Act (the "TCPA"). Defendants state the NCLC's primary activity regarding the TCPA has been to lobby for expanded TCPA enforcement against organizations like Defendants. They state settlement funds should not be improperly used to support one party's counsel's agenda, citing *S.E.C. v. Bear, Stears & Co.*, 626 F. supp. 2d 402, 415 (S.D.N.Y. 2009). Defendants propose this Court designate Legal Services Corporation ("LSC") as the recipient.  LSC is a nonprofit legal aid organization, and Defendants propose this Court direct funding to telephone services.

## I.      BACKGROUND

This case originated as a class action under the TCPA, 47 U.S.C. § 227. Plaintiffs alleged Defendants made prerecorded calls to cell phones without the prior express consent of the class plaintiffs or the putative class members. The case was resolved with a settlement agreement, which was preliminarily approved by this Court on December 15, 2017. The Court also set a series of deadlines for notice to be sent to class members. Notice was sent to 498,418 class members and 463,757 class members received a copy. Only eight opted out. The total settlement amount is $5,000,000 to be divided pro rata among class members after expenses are deducted. After attorneys' fees and litigation expenses, each of the 28,406 class members who submitted a valid claim will receive approximately $91.25. On May 15, 2018, the Court held a final approval hearing, and the Court largely adopted parties' proposed final settlement order. However, the Court withheld resolving the issue as to identifying a *cy pres* recipient, should any funds remain for distribution.

## II.     DISCUSSION

Under Federal Rule of Civil Procedure 23(e), the Court may only approve a proposed settlement agreement if it finds that it is fair, reasonable, and adequate. In making that finding, the Court must consider four non-exclusive factors: (i) the merits of the plaintiff's case, weighed against the terms of the settlement; (ii) the defendant's financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement. *Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 648 (8th Cir. 2012). "A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999). As part of evaluating whether to approve the settlement agreement, the Court must also assess the reasonableness of the attorneys' fees in the proposed settlement agreement. *Jones v. Casey's General Stores, Inc.*, 266 F.R.D. 222, 230 (S.D. Iowa 2009).

The Court has considered these four factors and finds the factors weigh in favor of approving the parties' proposed agreement. The Court accordingly concludes the settlement is fair, reasonable, and adequate. The Court likewise concludes Plaintiff's request for attorneys' fees and costs is also fair and reasonable. Accordingly, the parties' proposed settlement agreement will be adopted as set forth below.

With respect to identifying an appropriate *cy pres* recipient should there be any remaining funds, the Eighth Circuit has held such a distribution "must be 'for the next best use for indirect class benefit,' and 'for uses consistent with the nature of the underlying action and with the judicial function.'" *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1067 (8th Cir. 2015). This purpose should be "as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *Id.* To determine

whether a recipient is "next-best," the district court must conduct a thorough investigation, whereby it "thouroughly explores alternatives" and looks for a recipient that "relates directly to the injury alleged in this lawsuit and settled by the parties." *Id.* (quoting *In re Airline Ticket Comm'n Antitrust Litig.*, 268 F.3d 619, 626 (8th Cir. 2001) and *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 682–84 (8th Cir.2002) ("Airline Tickets II ") (alterations omitted)). After thouroughly conducting an independent investigation, this Court finds Plaintiff's proposed recipient, the NCLC, closely approximates the interests of the class and is an appropriate *cy pres* recipient.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** as follows:

1.      The Settlement Agreement and Release dated November 28, 2017, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter.  The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. 95) are also incorporated by reference into this Final Approval Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> The approximately 627,642 persons whose unique cellular telephone number has been identified in the call data produced in this litigation where the call records reflect Medicredit Inc. codes "WN" or "DNK" or NPAS Inc. Smart Codes 11, 13, 15, 42, 584, and 770.
>
> A list of the telephone numbers that comprise the Settlement Class is attached as Exhibit 6 to the Agreement and was filed under seal.
>
> Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and

immediate family, and all persons who are validly excluded from
the Settlement Class.

3.      The Court hereby finds that the Agreement is the product of arm's length

settlement negotiations between Plaintiffs Marilynn Martinez, Todd Hornberg, Eric Johnson, and

Rajesh Varma ("Plaintiffs") and Defendants Medicredit, Inc. and NPAS, Inc. ("Defendants").

4.      The Court hereby finds and concludes that Class Notice was disseminated to

persons in the Settlement Class in accordance with the terms of the Agreement and that the Class

Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Class Notice and claims

submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of

Civil Procedure and the requirements of due process, were the best notice practicable under the

circumstances, provided due and sufficient individual notice to all persons in the Settlement

Class who could be identified through reasonable effort and support the Court's exercise of

jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval

Order.

6.      There were no objections to the Agreement.

7.      The Court hereby finally approves the Agreement and finds that the terms

constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class

Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8.      The Court hereby finally certifies the Settlement Class for settlement purposes.

The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23

of the Federal Rules of Civil Procedure.

9.      The Court hereby approves the plan of distribution for the Settlement Fund as set

forth in the Agreement.  The Claims Administrator is hereby ordered to comply with the terms of

the Agreement with respect to distribution of Settlement Awards, the Second Distribution and disposition of any Remaining Funds thereafter.  Should any Remaining Funds be distributed, the Court hereby approves the National Consumer Law Center ("NCLC") as the *cy pres* recipients who shall receive an equal distribution.  The Court finds this organization is closely aligned with the class' interests.

10.     This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

11.     As of the Effective Date, the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Agreement.  In addition, any rights of Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

12.     The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

13.     If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will

return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, Defendants or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

14.     In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Defendants within 15 days of the event that causes the Agreement to not become effective.

15.     In the event that any provision of the Agreement or this Final Approval Order is asserted by any Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that

the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16.     By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

17.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)     that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protections Act ("TCPA");

(c)     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Defendants, and was negotiated in good-faith and in the absence of collusion;

(f)     that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount up to one third of the common fund, which is $1,666,650 and expenses in the amount of up to $30,967.55 incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g) that no member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(h)     that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931 (8th Cir. 2007) discussing factors in fee awards relying on *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and the requested fee award is consistent with other fee awards in this Circuit; *See Koenig v. United States Bank N.A.* (in Re United States Bancorp Litig.), 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming class attorneys' award of one-third); and accordingly, Class Counsel are hereby awarded $ 1,666,666.00 for attorney fees and $30,323.94 for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

18.     The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $7,500.00 each for their efforts in this case. *See e.g. Lees*

*v. Anthem Ins. Cos.*, 2015 U.S. Dist. LEXIS 74902, *10-11 (E.D. Mo. 2015) (citing cases and approving service award of $10,000 for named Plaintiff).

19.     Pursuant Federal Rule of Civil Procedure 42(a)(2) and Local Rule 42-4.03, the actions styled *Martinez v. Medicredit, Inc.*, No. 4:16-cv-1138-ERW (E.D. Mo.), which was previously consolidated with *Hornberger v. Medicredit, Inc.*, No. 4:17-cv-0409-SNLJ (E.D. Mo.), and *Verma v. Memorial Healthcare Group, Inc., et al.*, No. 4:17-cv-2809-ERW (E.D. Mo.), are hereby formally consolidated *nunc pro tunc* as of December 4, 2017.

So Ordered this 15th day of May, 2018.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**